Charles P. Maher, State Bar No. 124748
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.4610
E-mail: cmaher@luce.com

Counsel for John W. Richardson
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| In re JACQUELINE C. MELCHER, aka JACQUELINE CARLIN,<br><br>Debtor. | Case No. 01-53251 ASW<br>Chapter 7<br><br>Date: August 24, 2010<br>Time: 3:00 p.m.<br>Place: 280 South First Street, San Jose<br>Court: Hon. Arthur S. Weissbrodt |
|---|---|

**DECLARATION OF CHARLES P. MAHER IN SUPPORT OF MOTION FOR ORDER AUTHORIZING SALE FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS**

I, Charles P. Maher, declare as follows:

1. I am an attorney with the law firm of Luce, Forward, Hamilton & Scripps, LLP, counsel of record to John W. Richardson, Trustee in Bankruptcy of the estate of the above Debtor.

2. The bankruptcy estate of the above Debtor is the owner of real property commonly known as 21 East Lane, Chilmark, Massachusetts (the "East Lane Property"). Title to the East Lane property is held in the names of the Debtor and her ex-husband.

3. By judgment dated November 29, 2000, the Monterey County Superior Court ruled that the East Lane Property was community property and ordered that it be sold. The Superior Court awarded the Debtor a separate property contribution in the property in the amount of $800,000.

Ryan Melcher

4.  When the Debtor filed her voluntary Chapter 11 petition on June 28, 2001, title to the East Lane Property was clouded by a memorandum of *lis pendens* recorded by Ryan Melcher, the Debtor's son. The memorandum of *lis pendens* arose from litigation Ryan Melcher commenced against the Debtor and his father, Terrance Melcher, asserting that a handwritten document gave him a property interest in the East Lane Property.

5.  After the Debtor filed her Chapter 11 petition, Ryan Melcher filed Claim No. 18 on February 20, 2002. He subsequently amended that claim by filing Claim No. 20 on March 11, 2002. He filed a second amendment as Claim No. 29 on June 2, 2003. Ryan Melcher's claims are based on his assertion of an ownership interest in the East Lane Property.

6.  In October or November 2006, judgment was entered against Ryan Melcher in Massachusetts. Ryan Melcher appealed the adverse judgment. On October 1, 2008, the Massachusetts Court of Appeal affirmed the judgment against Ryan Melcher holding that he had no ownership interest whatsoever in the East Lane Property. An authentic copy of the opinion of the Court of Appeal is attached as **Exhibit A**. I am informed and believe that the memorandum of *lis pendens* was subsequently expunged.

7.  On January 8, 2009, I caused to be filed the Trustee's objection to Ryan Melcher's claims in the case based on the ruling of the Massachusetts appeals court.

8.  By order dated December 29, 2009, the Court sustained the Trustee's objection to Ryan Melcher's claims and he is no longer a creditor of the above bankruptcy estate. An authentic copy of that order is attached as **Exhibit B**.

9.  Ryan Melcher filed a motion for reconsideration of the order sustaining the objection to his claim on March 8, 2010. The hearing on the motion was held on July 1, 2010. The Court denied the motion by order dated July 13, 2010. A copy of the order is attached as **Exhibit C**.

10. At this time, it is clear that Ryan Melcher's claims have been disallowed in their entirety. The pendency of a motion for reconsideration cast a shadow on the Trustee's efforts to sell the East Lane Property at maximum value. I do not know whether Ryan Melcher will file a

notice of appeal, but an appeal of the order denying the motion may have a chilling effect on the market. Based on my review of documents filed by the Debtor and her son in 2000 and 2001, as well as my personal experience since filing the objection to his claim, I am concerned that Ryan Melcher may file or record some document in an effort to encumber the East Lane Property and interfere with a sale the Trustee may propose. For this reason, I believe it is prudent for the Trustee to seek authority to sell the East Lane Property free and clear of any claim, lien, or interest Ryan Melcher has asserted, or may assert at any time.

Vineyard Decorators

11. I am informed and believe that an entity called Vineyard Decorators caused to be recorded a writ of attachment at Book 834 Page 228 in the Registry of Deeds in Dukes County, Massachusetts, in May 2001. I am further informed and believe that the Debtor scheduled a claim in favor of Vineyard Decorators which the Debtor paid pursuant to order confirming a plan of reorganization (Check No. 318 dated December 21, 2005 from Goldberg trust account). I am of the opinion that the writ of attachment is unenforceable because the debt on which it was based has been paid. I am further informed and believe that the writ of attachment also attached to the real property commonly known as 14 Moshup Trail, Aquinnah, Massachusetts, and that, in connection with escrow on the sale of that property, Vineyard Decorators released its lien against that property because no debt was owed.

I declare under penalty of perjury that the above statements are true and that if called as a witness I could and would testify to their truthfulness. This declaration is executed on the 20th day of July 2010 in San Francisco, California.

Charles P. Maher

301171448.1

# EXHIBIT A

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

07-P-1058

RYAN J. MELCHER

vs.

TERESE KRISTE MELCHER, executrix,[1] & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

The plaintiff, Ryan J. Melcher, appeals from a judgment of the Dukes County Superior Court dismissing all counts of his complaint against the defendants following the allowance of a motion for summary judgment filed by Terese Kriste Melcher (Terese). (A.6, 13, 14, 14-1)

Because the parties are thoroughly familiar with the background of this lengthy case involving courts in the Commonwealth and California, and the fundamental facts are not disputed, we proceed directly to the essence of Ryan's complaint, introducing other relevant facts as necessary in the discussion.

Ryan sought to claim rights in the "Stonewall Beach property" in Chilmark, formerly owned by his divorced parents, Jacqueline and Terrence. Terrence, originally a defendant in this action, is now deceased. Terese, his second wife, was substituted as a defendant in May, 2005, as executrix of his

---

[1] Of the estate of Terrence P. Melcher.

[2] Jacqueline C. Melcher.

Case: 01-53251   Doc# 2579-2   Filed: 07/20/10   Entered: 07/20/10 14:40:57   Page 5 of 16

estate. (A.5) Ryan contends that a document executed by his parents in 1989 before their California divorce, created a trust for the property (hereafter the "alleged trust instrument"), of which he was the beneficiary.[3] (A.15,17) Terese filed a motion for summary judgment in August, 2006, and a statement of undisputed material facts arguing, inter alia, that Ryan failed to show that the alleged trust instrument established a trust. (A.7,31,38,64)

Discussion. We proceed under familiar summary judgment principles. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).

In the course of constructing a house on the Stonewall Beach property then owned by Jacqueline, title was transferred to Jacqueline and Terrence as joint tenants, and a mortgage loan was obtained, secured by the property. As a condition of the conveyance to Terrence, Jacqueline and Terrence executed a handwritten agreement dated July 13, 1989, which stated as follows:

> "In order to insure the smooth transfer of property and protect the interest of our child, Ryan Jordan Melcher, Terry Melcher has agreed not to sell his interest in the property in Chilmark . . . without the prior written approval of Jacqueline Carlin Melcher. Terry Melcher has

---

[3] The judge noted that Ryan was not a party in the California divorce proceedings, and was unsuccessful in raising the issues he argues in the present case. Accordingly, the judge did not consider Ryan to be bound by the California judgment, and addressed his claims on the merits. (A.9-10)

consented to this agreement in consideration of transferring a one half interest in the above described property." (A.20)

Ryan asserts that this agreement constituted a trust. "[W]hether a trust is created depends primarily upon the manifestation by the parties of an intention to create a trust and that is ordinarily a question of fact." Russell v. Meyers, 316 Mass. 669, 672 (1944). "No particular form of words is necessary but the words employed must unequivocally show an intention that the legal estate be vested in one person to be held in some manner or for some purpose on behalf of another." Cooney v. Montana, 347 Mass. 29, 34-35 (1964).

For the following reasons, we agree with the judge's analysis of Ryan's claim and her conclusion that no trust was created. (A.10-13) While its purpose was stated as to "insure the smooth transfer of property and protect the interest of [Ryan]," there was no transfer of any interest in the property to him, nor was the "legal estate . . . vested in [Jacqueline or Terrence] to be held in some manner or for some purpose on behalf of [Ryan]." Cooney v. Montana, supra at 35.

Moreover, the parties' conduct with respect to the property was inconsistent with a trust. Subsequent conduct may "be considered in determining whether any trust was created." Russell v. Meyers, supra at 672-673. The only restriction on the use or disposition of the property was that Terrence could not

sell it without the written approval of Jacqueline. They mortgaged it in their individual names, not as trustees, and later rented the house without reserving rental proceeds for Ryan's benefit. During divorce proceedings in California in May, 2000, Jacqueline conveyed her interest to a straw, who reconveyed to her, creating a tenancy in common and destroying the right of survivorship. The alleged trust instrument was not recorded until Jacqueline did so in April, 2001, just prior to the initiation of this litigation. Also, it is readily apparent that neither Jacqueline nor Terrence declared an intention to create a future interest in the property for Ryan.

We conclude that Ryan failed to demonstrate that he had a reasonable expectation of proving an essential element of his case, and that the judge properly allowed summary judgment for Terese. Kourouvacilis v. General Motors Corp., supra.

Ryan also asserts a claim sounding in third-party beneficiary contract theory. Specifically, Ryan contends that the alleged trust instrument must be construed as an agreement by Terrence to make a will in favor of Ryan, and that a genuine issue of fact existed as to whether Terrence breached that agreement. (Brief at 10-11) The theory that the instrument constituted an agreement to make a will appears to have been raised for the first time on appeal, and is therefore waived. See Newell v. Department of Mental Retardation, 446 Mass. 286,

Case: 01-53251 Doc# 2579-2 Filed: 07/20/10 Entered: 07/20/10 14:40:57 Page 8 of 16

298 n.27 (2006). Were we to reach the issue, we would conclude, in any event, that the instrument merely required Jacqueline's consent to a sale of the property by Terrence, and cannot be read as an explicit agreement by Terrence to make a will in favor of Ryan. Compare Tweedie v. Sibley, 25 Mass. App. Ct. 683, 685-686 (1988). Accordingly, the judge also properly allowed summary judgment for Terese on this claim.[4,5]

Judgment affirmed.

By the Court (Cypher, Brown & Fecteau, JJ.),

Ashley Ahearn
Clerk

Entered: October 1, 2008.

---

[4] Because we conclude that the alleged trust instrument constituted neither a trust for Ryan's benefit nor a contract to make a will, we need not reach Ryan's further argument concerning the rule against perpetuities.

[5] Jacqueline, a named defendant in this case, did not move for summary judgment and did not file a brief in this court. The judge noted that Jacqueline's "interests in this action are aligned with [Ryan's]," and indicated that she would enter judgment in Jacqueline's favor based on her rulings with respect to Ryan's claims against Terese. (A.13 n.1)

# EXHIBIT B

# EXHIBIT B

**Entered on Docket**
**December 29, 2009**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**IT IS SO ORDERED.**
**Signed December 29, 2009**

Arthur S. Weissbrodt
**Arthur S. Weissbrodt**
**U.S. Bankruptcy Judge**

Charles P. Maher, CSBN 124748
LUCE, FORWARD, HAMILTON
& SCRIPPS LLP
121 Spear Street, Suite 200
San Francisco, California 94105
Telephone No.: 415.356.4600
Fax No.: 415.356.4610
E-mail: cmaher@luce.com

Counsel for John W. Richardson
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re JACQUELINE C. MELCHER, aka JACQUELINE CARLIN,<br><br>Debtor. | Case No. 01-53251 ASW<br>Chapter 7<br><br>Date: December 11, 2009<br>Time: 3:00 p.m.<br>Place: 280 South First Street, San Jose<br>Court: Hon. Arthur S. Weissbrodt |

**ORDER SUSTAINING OBJECTION TO CLAIMS**

On December 11, 2009, a hearing was held on the Trustee's objection to the claims of Ryan Melcher filed in the above case. Charles P. Maher of Luce, Forward, Hamilton & Scripps, LLP, appeared on behalf of the Trustee. Ryan C. Melcher appeared on behalf of himself. Appearances were made by Debtor Jacqueline Carlin Melcher, Lance N. Jurich of Loeb & Loeb, LLP, on behalf of the estate of Terrence P. Melcher, and Andrew Keith Goldstein on behalf of Edward C. Cohen.

Based on the Trustee's objection, all of the documents filed by the Trustee, Ryan C. Melcher, and the estate of Terrence P. Melcher, and it appearing from those documents that Ryan C. Melcher's claims have been decided by final order in the courts of the Commonwealth of Massachusetts, and as stated on the record, it is

ORDERED as follows:

1. The Trustee's January 8, 2009, objection to the claims of Ryan C. Melcher filed in the above case is sustained.

2. Claims 18, 20, and 29 filed by Ryan C. Melcher in the above case are disallowed in their entirety.

*END OF ORDER*

## COURT SERVICE LIST

Charles P. Maher, State Bar No. 124748
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582

Jacqueline C. Melcher
P. O. Box 222798
Carmel, CA 93922

Nanette Dumas, Esq.
Office of the United States Trustee
280 South First Street, #268
San Jose, CA 95113

Andrew Keith Goldstein, Esq.
Law Offices of Andrew Keith Goldstein
33 Kingston Street
Boston, MA 02111

Lance N. Jurich, Esq.
Loeb & Loeb LLP
10100 Santa Monica Blvd., #2200
Los Angeles, CA, 90067-4164

Mr. Ryan Melcher
P.O. Box 222798
Carmel, CA 93922

301158963.1

# EXHIBIT C

# EXHIBIT C

**Entered on Docket**
**July 13, 2010**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**IT IS SO ORDERED.**
**Signed July 13, 2010**

Arthur S. Weissbrodt
Arthur S. Weissbrodt
U.S. Bankruptcy Judge

Charles P. Maher, CSBN 124748
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
121 Spear Street, Suite 200
San Francisco, California 94105
Telephone No.: 415.356.4600
Fax No.: 415.356.4610
E-mail: cmaher@luce.com

Counsel for John W. Richardson
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| In re JACQUELINE C. MELCHER, aka JACQUELINE CARLIN, Debtor. | Case No. 01-53251 ASW<br>Chapter 7<br><br>Date: July 1, 2010<br>Time: 3:00 p.m.<br>Place: 280 S. First Street, San Jose<br>Court: Hon. Arthur S. Weissbrodt |
|---|---|

**ORDER DENYING MOTION FOR RECONSIDERATION**

On July 1, 2010, a hearing was held on the motion of Ryan Melcher for reconsideration of this Court's order dated December 29, 2009, sustaining the Trustee's objection to his claims in the above case. Ryan Melcher appeared on behalf of himself. Charles P. Maher of Luce, Forward, Hamilton & Scripps, LLP, appeared on behalf of the Trustee. Debtor Jacqueline Melcher appeared on behalf of herself. Other appearances are noted in the record.

The Court has considered Ryan Melcher's motion for reconsideration and the documents filed in support of it. The Court has also considered the Trustee's opposition. The Court has considered the supplemental pleadings filed after the prior hearing on the motion. The Court stated detailed findings of fact and conclusions of law on the record.

For the reasons stated on the record, it is

ORDERED that Ryan Melcher's motion for reconsideration is denied.

* END OF ORDER *

COURT SERVICE LIST

Charles P. Maher, State Bar No. 124748
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582

Jacqueline C. Melcher
P. O. Box 222798
Carmel, CA 93922

Nanette Dumas, Esq.
Office of the United States Trustee
280 South First Street, #268
San Jose, CA 95113

Mr. Ryan Melcher
P.O. Box 222798
Carmel, CA 93922

301177475.1