Charles P. Maher, State Bar No. 124748
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.4610
E-mail: cmaher@luce.com

Counsel for John W. Richardson
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re JACQUELINE C. MELCHER, aka JACQUELINE CARLIN, <br><br> Debtor. | Case No. 01-53251 ASW <br> Chapter 7 <br><br> Date: October 26, 2010 <br> Time: 3:00 p.m. <br> Place: 280 South First Street, San Jose <br> Court: Hon. Arthur S. Weissbrodt |

## MOTION FOR ORDER COMPELLING TURNOVER OF PROPERTY OF THE ESTATE AND MEMORANDUM OF POINTS AND AUTHORITIES

John W. Richardson, Trustee in Bankruptcy of the estate of the above Debtor, hereby moves the Court for an order compelling the Debtor to turn over to the Trustee cash sums generated by the Debtor's unauthorized rental of 25597 Tierra Grande Road, Carmel Valley, California, which remains property of the bankruptcy estate.

I.   MOTION

The Debtor's case was converted to a Chapter 7 case effective September 15, 2008. Among the assets of the estate at the time of conversion was the real property commonly known as 25597 Tierra Grande Road, Carmel Valley, California (the "Property"), in which the Debtor maintained a rental unit (the "Rental Unit"). The Trustee declined to engage in a property rental business. However, in July or August 2009, when the Trustee learned that the Debtor had in fact begun to rent the Rental Unit, the Trustee considered whether generating rent from use of the

Rental Unit for payment of secured debt might be a good idea and considered filing an application for an operating order. However, it quickly became apparent in dealing with the Debtor that such an arrangement would not work; the Debtor cannot be trusted with money generated by rentals or to properly deal with tenants. The Trustee informed the Debtor that he would not consent to rental of the Rental Unit.

Unbeknownst to the Trustee, the Debtor began renting the Rental Unit to third parties and thereby generating revenue after he told her not to rent the unit. The Trustee learned of the unauthorized rental on April 22, 2010, when the Debtor stated in open court that she had been renting the Rental Unit since September 2009 and had used rent proceeds to make payments on the loan secured by a deed of trust against the Property in favor of Wells Fargo Bank.

In order to confirm that the Debtor in fact made this admission on the record, the Trustee obtained a transcript of the April 22, 2010, hearing. Upon receipt of the transcript, the Trustee, through his counsel, approached the Debtor about her unauthorized use of the property to generate rent. The Debtor responded that she had been told by an unidentified bankruptcy attorney that she could use property of the bankruptcy estate for her own purposes, something that is contrary to law.

Based on the Debtor's e-mail to counsel for the Trustee dated June 8, 2010, the Debtor received rent proceeds in an amount of at least $36,000. She has alleged or implied that she used all of this money to pay Wells Fargo Bank and promised to provide documentation of her payments. However, she has not done so. The Trustee suspects that the rent proceeds are greater than the amounts allegedly paid to Wells Fargo Bank. For example, the Trustee is informed and believes that the Debtor received rent in the sum of $10,000 for use of the Rental Unit when the U.S. Open was played at Pebble Beach in June 2010.

Section 523(a)(4) (formerly Section 521(4)) requires a debtor to surrender to the trustee property of the estate.

///

///

///

Section 727(a)(2) provides that a debtor is not entitled to a discharge if he or she "has transferred, removed, destroyed, mutilated, or conceals, or has permitted to be transferred, removed, destroyed, mutilated, or concealed" "property of the estate, after the date of the filing of the petition." 11 U.S.C. § 727(a)(2)(B).

In addition to turnover of all cash sums generated by rental of the Rental Unit, the Trustee requires the Debtor to provide documents showing all receipts and disbursements of rent proceeds beginning September 1, 2009, and continuing through the present.

II. MEMORANDUM OF POINTS AND AUTHORITIES

Section 521(a)(4) requires a debtor to "surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate, whether or not immunity is granted."

The Debtor's duty to surrender property of the estate to the Trustee is mandatory "without the need for any formal discovery request, motion, hearing, or order." *In re Farmer*, 237 B.R. 210, 212 (Bankr. M.D. Fla. 1989). "The trustee should not have to be chasing debtors into court in order to gain their cooperation." *Id.*

The Debtor is not authorized to use property of the estate to generate income for herself. Because the property is subject to an undisputed deed of trust in favor of Wells Fargo Bank, any rent generated by the Rental Unit or other portions of the Property constitutes cash collateral of Wells Fargo Bank. No order exists authorizing the Debtor to use cash collateral. The Trustee has not authorized the Debtor to use the Rental Unit to generate proceeds. The Trustee suspects that the Debtor is using rent proceeds to pay a secret attorney to fight with the Trustee and with others she deems adversaries.

Rule 7001 provides that it is not necessary to commence an adversary proceeding to recover property from a debtor: an adversary proceeding is a "proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee …." FRBP 7001(1).

///

///

WHEREFORE the Trustee requests entry of an order compelling the Debtor to account for receipt of all cash or other sums generated by her rental of the Rental Unit at the Property between September 1, 2009, and September 30, 2010, and to turn over to the Trustee the amount in excess of the sums she can prove were paid to Wells Fargo Bank as loan payments by producing cancelled checks.

DATED: September 15, 2010

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: *[signature]*
Charles P. Maher
Counsel for John W. Richardson, Trustee

301180608.1