Jacqueline C. Melcher
PO Box 222798
Carmel, California 93922
Phone: 831-624-6312
Fax: 831-624-2418

**FILED**

SEP 2 7 2013

CLERK
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

Jacqueline C. Melcher     Case 01-53251 ASW
Debtor     Chapter 7
    October 4, 2013

**MOTION TO THE COURT TO CONTINUE BOTH J MELCHER'S MOTION OBJECTING TO THE FEES OF THE TRUSTEE AND HIS ATTORNEYS AND CONTINUE TRUSTEE'S MOTION TO COMPEL THE DEBTOR SET FOR OCTOBER 4, 2013 CALANDER**

I, Jacqueline Melcher, declare as follows:

1. I did not know that the parties involved in mediation were supposed to file documents during mediation.
2. There are two Bankruptcy hearings scheduled for October 4, 2013: The renewed motion objecting to the fees of the trustee and his attorney and the trustee's motion to compel the debtor.
3. I have been consumed with issues regarding mediation and calls to persons interested in the Stonewall property if the title to the property were clear of litigation.

**Brief history of trustee's motion to compel and extension of time.**

1. I asked for an extension of time to complete the accounting for the trustee's motion to compel on July 11, 2013 because I did not have copies of my checks paying mortgage and bills of the estate property for some months after conversion to Chapter 7.
2. On July 29, 2013 I filed Response and objection to attorney Maher's "Notice of hearing? On motion to Compel. Exhibit A attached.
3. The gentlemen helping me had emergency surgery at Stanford hospital and I had to find another book keeper.

4. I then worked for several weeks collecting and scheduling all expenditures and rental payments for the new book keeper. I paid the mortgage and bills and worked in the evening's gardening.
5. I received the Court's order allowing an extension of time to complete the years of accounting – some time after the new deadline to file had passed.
6. I have not yet received copies of missing checks proving my payments after conversion and other needed copies.
7. I have attached my proposed document that was to be filed in July and some exhibits.
8. The trustee's attorney's theory that I am using estate funds illegally is false. The trustee basis his theory on the fact that it is illegal to use rent funds to pay the monthly mortgage.
9. The trustee instructed me to take longer term rentals at the family home and instructed me to rent the Moshup Trail property for "six months or so". I have filed emails from the trustee to me proving that the trustee not only knew but he participated in the rentals of the family home.

EXHIBITS ATTACHED:
As you can see from the exhibits attached the trustee and attorney Maher were always aware that I rented portions of my home to support the property.
October 10, 2008 court hearing this Court stated the debtor was the best person to manage the rentals.
Exhibit D attached- declaration of attorney M. Leader-Picone includes the rental of the family home.
Exhibit C attached is a Court order dated 2/12/09. See attachment "A" referring to tenants in the family home.
The trustee waited some years before he decided to declare my tenant un-authorized.

I am asking the Court to continue these two scheduled hearings to the next possible available hearing date after October 4, 2013. If there is no settlement, the hearings to compel and claims against the trustee should be heard at the same time.

I declare under the penalty of perjury that the foregoing is true and correct.

Respectfully submitted:      Jacqueline Melcher. *[signature: Jacqueline Melcher]*

Jacqueline C. Melcher
PO Box 222798
Carmel, California 93922
Phone: 831-624-6312
Fax:  831-624-2418

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

Jacqueline C. Melcher          Case 01-53251 ASW
Debtor                         Chapter 7

## RESPONSE AND OBJECTION TO ATTORNEY MAHER'S "NOTICE OF HEARING" ON MOTION TO COMPEL

I, Jacqueline Melcher, declare as follows:
1. On January 4, 2013 the trustee filed his retaliatory "counter motion" for an order compelling me to turn over property of the estate and filed an opposition to my motion to remove the trustee. There was no such "open" Motion to compel in the Court's record for some years for the trustee to even "counter" anything.
2. In my opinion Mr. Maher's knee jerk "Counter" Motion to compel was a retaliatory reaction to my Motion to Remove the trustee and his attorney and in retaliation to my January 3, 2013 filing; "Statement on the Zoning case".
3. Mr. Maher's "counter" motion was knocked out so fast by Mr. Maher that he failed to even Notice a hearing on his "Counter Motion" that did not counter anything. A new motion to compel had to be filed by attorney Maher which left out the word "counter".

## MY EFFORTS TO PROVIDE A DETAILED ACCOUNTING

1   EXHIBIT A

1. I originally requested help from my accountant to again respond to attorney Maher's repetitive motion to compel but I could not pay the estimated cost to prepare the arduous task of going back over years of accounting previously supplied to the trustee's attorney on several occasions.

2. I spent weeks finding a book keeper who could help me collect the needed data. I eventually found a retired bookkeeper who had agreed to help me but had an emergency operation at Sanford Hospital during his work and suggested another bookkeeper. The "new" book keeper has spent about a month recording and documenting accounting records with me in between her other clients. There is an incomplete list due to missing bank records.

3. Many of the lists of checks I paid after conversion to Chapter 7 have been previously pulled out of the files and sent to the trustee or his attorney. Many of these documents are on file with the Court but I have not found most of these copies.

4. On July 11, 2013 I filed and served my request for an extension of time re the accounting from July 10, 2013 to the following Wednesday however according to attorney Maher my request was never filed with the Court – only served on attorney Maher.

5. I had already prepared my written response to accompany the accounting but I had to request additional information from Wells Fargo Bank and from another bank account which was closed soon after I was converted to Chapter 7 in September 2008.

6. I have attached my July 11, 2013 "Request for an extension of time to file documents ..." and Mr. Maher's "Notice of Hearing" to this document.

**I OBJECT TO THE TRUSTEE'S NOTICE OF HEARING**

2

I have asked for hearings on my claims against the trustee on several occasions over the past years. Any hearing on the trustee's motion to compel should be held at the same time as my past requests for a hearing on my claims against the trustee beginning with the trustee's abandonment of the Stonewall property from the fall of 2008 for **nine months** causing approximately $200,000 thousand dollars of damage to the property.

The trustee's loss of some millions of dollars to my estate must be heard.

I declare under the penalty of perjury the foregoing is true and correct.

Respectfully submitted:

*Jacqueline Melcher*
Jacqueline Melcher                July 27, 20013
                                  29, JM

3

Jacqueline C. Melcher
PO Box 222798
Carmel, California 93922
Phone: 831-624-6312
Fax:    831-624-2418

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

Jacqueline C. Melcher          Case 01-53251 ASW
Debtor                         Chapter 7

**REQUEST FOR AN EXTENSION OF TIME TO FILE DOCUMENTS TO THE COURT ON INCOME AND EXPENSES UNTIL WEDNESDAY JULY 17, 2013**

I required the help of a book keeper to chart the income and expenses from my records to file with the Court on July 10, 2013. I gave the information to retired gentlemen who became ill and had an emergency operation at Stanford Medical Center two weeks ago. The gentlemen tried to continue working but has recently been told by his Doctor that is not allowed to work or walk during the healing period.

My records have been delivered to another book keeper who will continue to chart the income and expenses that I will file with the Court along with the Bank statements on Wednesday if the Court allows.

Respectfully submitted:

*Jacqueline Melcher*
Jacqueline Melcher                    July 11, 2013

## PROOF OF SERVICE

I am sending via email "Request for an extension of time" on July 11, 2013 to the following persons:

Charles Maher

Michael Isaacs

Jacqueline Melcher
*Jacqueline Melcher*

Jacqueline C. Melcher
PO Box 222798
Carmel, California 93922
Phone: 831-624-6312
Fax:    831-624-2418

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| Jacqueline C. Melcher | Case 01-53251 ASW |
| Debtor | Chapter 7 |

### WELLS FARGO MORTGAGE PAYMENTS AND RENTAL PAYMENTS RECEIVED FROM FAMILY RESIDENCE

1. I have previously provided to attorney Maher for the trustee a list of my mortgage payments to Wells Fargo Bank on June 9, 2010 for the time period requested.

2. On July 1, 2010 I filed my Wells Fargo payment history with this court along with exhibits proving that I had worked for some months to obtain this information from the Bank.

3. After a few months of constantly contacting Wells Fargo Bank for my payment history I was told by the bank that they could not send me the information on my payments to the Bank. They could only send the information to the trustee.



EXHIBIT "B"

4. Unbeknownst to me the history of my payments had been sent to the trustee in Soquel, California. After finally being told by the Bank representative that my payment history was mailed to the trustee, I immediately emailed the trustee and requested he send me copies of the documents in order for me to be able to file them with the Court. Mr. Maher for the trustee continued to degrade me to the Court stating I had not done what I was told by Mr. Maher.

5. Mr. Richardson, the trustee, did not respond to my email to him requesting the documents in his possession of my Wells Fargo Bank payments. On one side of the coin I was being accused of not responding and on the other side of the coin the trustee held back the fact that he had the information in his possession. All this took place while attorney Maher continued to accuse me of not turning over the history of my payments.

6. Since I did not receive the information from the trustee, I again called the Bank and begged for the information and someone at the Bank decided that they would finally give me what they had sent to the trustee. I then filed it with this Court along with a few emails as exhibits proving my efforts to turn over the information.

**RENTAL INCOME FROM FAMILY RESIDENCE**

1. I Receive $3,300.00 a month from the rental of a large portion of my home beginning in September 2009. I pay for the California Water, the PG&E - gas and electric, the DSL internet, the exterior gardening, the Cable TV and the garbage pick up fees on the common driveway.

2. I also pay for up keep and some repairs on the residence which including painting, irrigation repairs, American lead detector, septic repair, hauling extra gardening debris to the dump, pump repair, roof leak repairs and I do a lot of the gardening work myself.

3. I received $3,080.00 from a renter for 3 weeks in 2010. I had to live at a friend's house during this time and contribute to food and lodging during my stay. I have not itemized the amount that I spent to live at another location.

4. I received $10,000.00 for a two week rental in August 2010 and again stayed at a friend's house and contributed to food and lodging.

5. I have lived without an oven, dishwasher for approximately 10 years and other amenities that we use to enjoy prior to Terrence Melcher leaving the family and abandoning household payments without a court order. I had to buy an oven before the August tenant. It cost approximately 800 dollars with installation.

6. The trustee was given the family residence rental checks in August and September of 2009. He was involved in the rental of the portion of the house. He was the one to suggest longer term rental because it was much less work than a short term rental.

7. My list of mortgage payments was I emailed to attorney Maher on June 9, 2010. The list began with the month of October 2009 because the trustee paid the mortgage.

**RESPONSE TO ATTORNEY MAHER'S ACCUSATIONS AND LIST OF MORTGAGE PAYMENTS WERE PROVIDED TO ATTORNEY MAHER ON JUNE 9, 2010 VIA EMAIL AND FILED AS AN EXHIBIT WITH THE COURT IN JULY 2010. WELLS FARGO MORTGAGE PAYMENT HISTORY WAS FILED WITH THIS COURT A FEW MONTHS AGO.**

1. How many thousands of dollars has been spent on these accusations against me of stealing estate funds while the trustee holds back my mortgage payment history?
2. We have lived a life without a vacation since 1979. Repairs were made for tenants while we lived without appliances. I have no car. Attorney Maher has made sure that I have no attorney.
3. Attorney Maher's pattern has been to keep me busy with endless filings and accusations running up unnecessary fees and attacking me for what he himself

is doing – creating debt and taking ~~money~~ from the Bankruptcy estate

History of Wells Fargo payments from the bank were previously filed with this Court.

Attached is EXHIBIT A – PAYMENTS TO WELLS FARGO.
I am asking Well Fargo for proof of Payment in July and August 2010 and will file with the Court and serve Mr. Milgrom of Luce Forward tomorrow.

Respectfully submitted:

Jacqueline Melcher

*Jacqueline Melcher*

filed 11/23/10

Entered on Docket
February 16, 2009
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

JOHN W. RICHARDSON
Trustee in Bankruptcy
5161 Soquel Drive, Suite F
Soquel, CA 95073
Telephone No. 831.475.2404
Fax No. 831.475.1213

The following constitutes the
Order of the Court. Signed 2/12 2009

HON. ARTHUR S. WEISSBRODT
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

JACQUELINE C. MELCHER, ) Case No.: 01-53251ASW
) Chapter 7
Debtor. )

### ORDER APPOINTING APPRAISER

This matter came on for consideration, ex parte, upon the application of John W. Richardson for appointment of an appraiser. Good cause having been shown therefore and no notice being required thereon:

IT IS HEREBY ORDERED that John Schmitz is hereby appointed to inventory and appraise the personal property as set forth in the Application and to make his report to the Court soon thereafter and that the Appraiser has made his declaration and oath to this Court. The Trustee is authorized to compensate John Schmitz for services rendered in the amount of $1,000



```
 1 ║ without further notice.  Compensation above $1,000 will require
 2 ║ further approval of this Court.  All fees and expenses shall be
 3 ║ listed in the Trustee's Final Report.
 4 ║
 5 ║                      *****END OF ORDER*****
 6 ║
```

*[Handwritten note:]* See also Attachment "A", which is part of this order.

*[Initialed]* AW