Entered on Docket
November 07, 2014
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**IT IS SO ORDERED.**
**Signed November 6, 2014**

_Arthur S. Weissbrodt_
**Arthur S. Weissbrodt**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 01-53251-ASW |
| JACQUELINE C. MELCHER, | Chapter 7 |
| Debtor. | |

**ORDER REQUIRING DEBTOR TO OBTAIN COURT**
**PERMISSION TO FILE FURTHER PLEADINGS**

This order is issued pursuant to the Mandate of the Bankruptcy Appellate Panel of the Ninth Circuit ("BAP") (docket no. 3655). The BAP reversed and remanded this Court's order denying the Chapter 7 Trustee's Motion to Determine that Debtor has no Standing (the "Standing Motion"), and thereafter issued its Mandate requiring this Court to issue a pre-filing order. Debtor appealed the BAP's judgment to the Ninth Circuit Court of Appeals, which dismissed the appeal on September 25, 2014.

The test to determine whether the imposition of a pre-filing order is appropriate against a particular litigant is as follows: First, the litigant must be provided notice and an opportunity for hearing; second, an adequate record must be made listing the

abusive activities undertaken by the litigant; third, the claims brought were frivolous or were brought with the intent to harass the parties; fourth, any order imposed must be tailored narrowly to deter the specific behavior in which the litigant has engaged. DeLong v. Hennessey, 912 F.2d 1144, 1147-48 (9th Cir. 1990). The BAP has held in this case that the first two elements of this test were satisfied by the Standing Motion and the Trustee's Declaration, and the hearing on the Standing Motion.

In its evaluation of the third and fourth elements of this test, this Court must consider five factors, referred to as the Safir factors, adopted from the Second Circuit's decision in Safir v. U.S. Lines, Inc., 792 F.2d 19 (2d Cir. 1986). See Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1058 (9th Cir. 2007).

The Safir factors are:

{1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits;

(2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?;

(3) whether the litigant is represented by counsel;

(4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and

(5) whether other sanctions would be adequate to protect the courts and other parties.

Safir, 792 F.2d at 24.

The Court finds that many, but not all, of Debtor's multiple pleadings and appeals are duplicative of matters already ruled upon

and/or are frivolous and, in many instances, intended to block the normal bankruptcy process and inhibit the Trustee from administering the estate. While Debtor is intelligent and has made some valid points in her various pleadings, Debtor continues to rehash arguments previously ruled upon by this Court. She also directs personal attacks against the Trustee, his counsel, and other parties in this case, including the Estate of Terrence Melcher and its counsel, Lance Jurich. (Counsel for the Trustee and, to a lesser extent, counsel for the estate of Terrence Melcher, have directed personal attacks against Debtor). Debtor no doubt subjectively believes that her attacks on the character and motivations of these various parties are warranted. Whether intentional or not (Debtor does not appear to understand the role of the Trustee in the bankruptcy case) Debtor's multiple, largely duplicative filings are an abuse of the bankruptcy process. However, <u>Safir</u> instructs that Debtor's motive must be evaluated by an objective standard.

    Many of the assets of this bankruptcy estate have been used up as a result of Debtor's continued and substantially meritless litigation, negatively impacting creditors and the Trustee. Debtor is currently unrepresented by counsel. Although this factor weighs in Debtor's favor, it is not enough to overcome the fact that Debtor has continually failed to heed this Court's efforts to instruct Debtor as to the proper procedures and to limit her arguments. For example, this Court has ordered Debtor to refrain from raising issues that have previously been ruled upon or that are not properly before the Court. Yet Debtor has continued to do

so. The Court finds that Debtor's conduct has caused needless expense and unnecessary burden to other parties and this Court.

The Court finds that no sanction short of a pre-filing bar will curtail Debtor's duplicative or frivolous filings. As noted, Debtor has not heeded this Court's admonitions. A surcharge of the Debtor's homestead exemption is no longer an option for the Trustee. Law v. Siegel, 134 S.Ct. 1188 (2014) (holding that a chapter 7 debtor's exemptions are fully protected from surcharge).

For all of these reasons, Debtor is enjoined from filing, in this bankruptcy case, and any related litigation with the Trustee in any other federal or state court, any further pleadings without prior order of this Court. Debtor may obtain relief from this injunction by filing an application for leave and attaching a copy of this Order and a copy of the document(s) that Debtor seeks leave to file. The copy of the document sought to be filed will be treated as an exhibit to the request for leave. If leave is granted, the document will be placed on the docket, along with a copy of the order granting leave. The Court will permit the filing of the pleading only if it appears that the pleading has merit and is not duplicative of matters previously ruled upon by this Court and/or an appellate court, and has not been filed for the purposes of harassment or delay.

If Debtor seeks leave to file a pleading requesting affirmative relief, i.e., a motion or application, and the Court grants the motion, the Court will set in the order granting leave a hearing date and briefing schedule, and Debtor will be responsible for providing notice to the appropriate parties.

If Debtor seeks leave to file a responsive pleading, i.e., a response, objection, or opposition, and the Court grants leave, the Court will, if necessary, adjust applicable deadlines to accommodate the additional time needed to rule on Debtor's application.

If a document is filed without the requisite application, and the clerk inadvertently dockets the pleading, any party may file and serve a notice stating that Debtor is subject to a pre-filing order, which will stay the matter raised in the pleading unless and until Debtor obtains an order granting leave to file the pleading.

Debtor's failure to comply with this order may subject Debtor to contempt sanctions. See In re Rainbow Magazine, 77 F.3d 278, 284 (9th Cir. 1996) (bankruptcy courts have inherent power to impose civil contempt sanctions).

IT IS SO ORDERED.

**\*\*\* END OF ORDER \*\*\***

**COURT SERVICE LIST**

Jacqueline Melcher
P.O. Box 222798
Carmel, CA 93922